## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARTIN TACCETTA, | : | |
| | : | Civ. No. 24-477 (JKS) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| PATRICK NOGAN, et al., | : | |
| | : | |
| Respondents. | : | |

**SEMPER, District Judge**

Petitioner Martin Taccetta, an inmate at East Jersey State Prison, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. DE 1. The petition challenges a 1993 state conviction for second-degree racketeering conspiracy, first-degree racketeering, and two counts of second-degree theft by extortion. *Id.* at 1–2; DE 1-4 at 2 (judgment). For the reasons set forth below, the petition will be transferred to the U.S. Court of Appeals for the Third Circuit.

In 2009, Petitioner filed a habeas petition, also under § 2254, challenging his conviction on the basis of ineffective assistance of counsel. *See Taccetta v. Ricci*, Crim. No. 09-5508 (D.N.J.), DE 1 (petition). He then filed an amended petition (*id.* doc. 14), which was denied on the merits in 2013, *Taccetta v. Ricci*, No. 09-cv-5508, 2013 WL 2444082, *10 (D.N.J. June 3, 2013); the Third Circuit affirmed in 2015; *Taccetta v. Admin. N.J. State Prison*, 601 F. App'x 165, 168 (3d Cir. 2015); and certiorari was denied later that year, *Taccetta v. D'Ilio*, 577 U.S. 870 (2015).

Thereafter, in June 2016, Petitioner moved for post-conviction relief ("PCR") in state court, arguing that "he was illegally sentenced to a first-degree crime when he should have been sentenced to a second-degree crime" because under *Johnson v. United States*, 576 U.S. 591

(2015), and its progeny, "N.J.S.A. 2C:41-3(a), which provides that racketeering is a first-degree crime if it involves a 'crime of violence,' is unconstitutionally vague." *State v. Taccetta*, No. A-2439-19, 2022 WL 2340972, at *1, *4 (N.J. Super. Ct. App. Div. June 29, 2022). The PCR court denied relief (DE 1 at 4); the Appellate Division affirmed in 2022, *Taccetta*, 2022 WL 2340972, at *7; and certification was denied in January 2023, *State v. Taccetta*, 252 N.J. 615 (2023).

Petitioner then filed the instant petition on January 25, 2024, largely reiterating the arguments he raised in his 2016 state court PCR petition, i.e., that "[t]he sentencing court improperly enhanced [his] racketeering conviction, and sentenced him as a first-degree offender pursuant to a statute that is unconstitutionally vague, N.J.S.A. 2C:41-3, in violation of the Due Process Clause of the Fourteenth Amendment." DE 1 at 4. His petition acknowledges that he previously filed a petition under Section 2254, and that he is, in the current petition, challenging the same state judgment of conviction that he challenged in his previous petition. DE 1 at 1 ¶ 1; ¶ 6 ("Mr. Taccetta then pursued federal habeas relief on his ineffective assistance claim, which the district court denied . . .").

This Court's jurisdiction to consider a second or successive habeas petition is limited; specifically, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "curtails a prisoner's ability to file a second or successive habeas petition. Before he can even file in district court, he must get the court of appeals' permission." *In re Rosado*, 7 F.4th 152, 156 (3d Cir. 2021) (citing 28 U.S.C. § 2244(b)(3)(A)); *see also Flonnory v. Warden James T. Vaughn Corr. Ctr.*, No. 17-3636, 2018 WL 11447853, at *1 (3d Cir. May 4, 2018) ("A District Court may not consider a second or successive § 2254 petition without prior authorization by this Court."). Here, as noted, Petitioner's prior petition was decided on the merits, and the prior and current petitions challenge the same conviction. Thus, the current petition is a second or successive

habeas petition. *See Geiger v. Balicki*, No. 10-5458, 2011 WL 4860026, at *7 (D.N.J. Oct. 11, 2011) ("Courts are in agreement that, where an initial federal petition has been denied on the merits, a subsequent petition attacking the same judgment is 'second or successive' within the meaning of § 2244.") (collecting cases).

When a habeas petitioner erroneously files a second or successive habeas petition in a district court without first obtaining permission of a court of appeals, the district court can either "dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). "The transfer of such a petition, however, will only be warranted where the claim presented in the second or successive motion *prima facie* satisfies one of the criteria for the granting of leave presented in § 2244(b)(2)." *Jones v. Nogan*, No. CV 23-3416 (KMW), 2023 WL 4407568, at *1–2 (D.N.J. July 7, 2023) (citing *United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015)). That is, the claim must be based on (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) newly discovered evidence which was not previously available and which would establish by clear and convincing evidence that no reasonable juror could find the petitioner guilty. 28 U.S.C. § 2244(b)(2).

Accordingly, on February 2, 2024, the Court ordered Petitioner to show cause why the Court should not either (1) dismiss the petition as a second or successive petition or (2) transfer it to the Third Circuit pursuant to 28 U.S.C. § 1631. DE 3.

Petitioner responded on February 14, 2024, arguing that the petition is not second or successive—even though it is a second petition attacking the same state court judgment— because the claim he now asserts—i.e., that his conviction is unconstitutional under *Johnson*, 576 U.S. 591 (made retroactive by *Welch v. United States*, 578 U.S. 120 (2016))—was not

available when he filed his first petition in 2009. DE 5 at 1. Respondent replied on February 21, 2024, arguing that the petition should be dismissed as second or successive because the claim asserted "is premised on a new rule of constitutional law, and [P]etitioner failed to comply with Section 2244(b)(3)(A) by not filing a motion in the Third Circuit for an order authorizing the district court to consider his application." ECF No. 6 at 8.

The Court agrees with the Respondent that the current petition is second or successive; numerous courts have found that a habeas petitioner may not proceed in district court on a second petition challenging the same state court judgment without first obtaining permission of the appropriate court of appeals. *See, e.g., Cooper v. Davis*, No. 18-16798, 2019 WL 316751, at *1–2 (D.N.J. Jan. 24, 2019) ("[A] prisoner who presents a claim not previously raised may file a second or successive § 2254 petition only after obtaining an order from the appropriate court of appeals authorizing the district court to consider it."); *Mehl v. Oberlander*, No. 21-371, 2021 WL 859387, at *3 (M.D. Pa. Mar. 8, 2021) (explaining that, even if successive petition falls within exception of Section 2244(b)(2), a petitioner "may not simply come to the District Court and file his second or successive petition, rather he must seek leave of the Court of Appeals to do so").

Accordingly, Petitioner was required to obtain permission from the Third Circuit before filing his petition in this Court. *Robinson*, 313 F.3d at 139. Because his claim is premised on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2244(b)(2), the Court will transfer the petition to the Third Circuit pursuant to 28 U.S.C. § 1631 for that court to consider whether Petitioner will be authorized to file a successive habeas petition in district court. Petitioner is advised that once a state prisoner moves for authorization to file a second or successive petition, a three-judge panel

of the Court of Appeals must decide whether there is a *prima facie* showing that the application satisfies § 2244's substantive requirements. *See* 28 U.S.C. § 2244(b)(3)(C).

**IT IS** therefore, on this 22nd day of February, 2024,

**ORDERED** that the Clerk of the Court shall TRANSFER the petition (DE 1), the Court's February order to show cause (DE 3), and the parties' responses (DE 5, 6) to the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 for consideration as an application to file a second or successive habeas petition permitted by 28 U.S.C. 2244(b)(3), and shall CLOSE this case.

_____

**JAMEL K. SEMPER, U.S.D.J.**

5